UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CAROL PHOOMAHAL, et al.,

                              Plaintiffs,                                **REPORT AND**
      -against-                                                  **RECOMMENDATION**
                                                                           CV 04-2083 (SJF)(ARL)
RIDGEHAVEN VILLAGE, et al.,

                              Defendants.
------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

       Before the court on referral from District Judge Feuerstein is the plaintiffs' motion pursuant to Federal Rule of Civil Procedure 15 seeking leave to file a third amended complaint to add Nancy and Steven Auerbach as defendants and to discontinue counts four, five and six of their Second Amended Complaint.[1] More specifically plaintiffs seek to add Nancy and Steven Auerbach as defendants both in their individual and representative capacities as principals of Ridgehaven Village and Brookwood Management Company. The defendants consent to the requested discontinuance and oppose the motion to amend on the ground that this amendment would be futile. For the reasons that follow, the undersigned recommends that the plaintiffs' motion be granted in part and denied in part.

       As a threshold matter, the parties' analysis of the plaintiffs' application exclusively under Rule 15 is flawed. On February 15, 2006, the court entered a pretrial scheduling order that set June 7, 2006 as the deadline for the completion of motions for the amendment of pleadings and joinder of parties. (See Pretrial Scheduling Order, dated February 15, 2006). The plaintiffs' motion is made almost one year after the deadline, and thus, it must first be determined whether Rule 16(b)'s good cause standard governing delay has been met. See <u>Credit Suisse First Boston</u>

---

[1] These counts allege claims pursuant to 42 U.S.C. §§ 1985, 1985 and the 14th Amendment of the Constitution.

v. Couer d'Alene Mines, 2004 U.S. Dist. LEXIS 25260 at *16 (S.D.N.Y. Dec. 14, 2004) (M.J. Dolinger), adopted 2005 U.S. Dist. LEXIS 1893 (S.D.N.Y. Feb. 10, 2005) (citing Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000)); see also Permatex, Inc. v. Loctite Corp., 2004 U.S. Dist. LEXIS 10953 (S.D.N.Y. June 17, 2004).

Rule 16(b) requires that deadlines be set for proceedings such as joinder of parties and amendment of pleadings. By limiting the time for amendments, "the rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that 'at some point both the parties and the pleadings will be fixed.'" Parker, 204 F.3d at 339 (quoting Fed. R. Civ. P. 16 advisory committee's note (1983 amendment, discussion of subsection (b)). In some cases, the court may determine that the deadline cannot be met despite the parties' diligence, and grant leave to extend the deadline. The rule plainly states, however, that a scheduling order "shall not be modified except upon a showing of good cause." The Second Circuit, in Parker, adopted the standard already in place in other Circuits, holding that "despite the lenient standard of Rule 15(a), the district court does not abuse its discretion in denying leave to amend the pleading after the deadline set in the scheduling order where the moving party has failed to establish good cause." Id. at 340.

Although neither party has addressed Rule 16, plaintiffs assert that the factual predicate for the proposed amendment was not known until long after the deadline set by the court for the joinder of additional parties. The defendants do not dispute this point compelling the court to conclude that the deadline it set could not reasonably be met. Accordingly, the court will next examine whether the plaintiffs have demonstrated that leave to amend is appropriate under Rule 15. Parker, 204 F.3d at 340-41; Ewing v. Roslyn High School, No. 05-CV-1276 (JS)(ARL), 2007 WL 1110745, at *2 (E.D.N.Y. April 9, 2007).

2

Under Rule 15(a), leave to amend "shall be freely granted when justice so requires." Motions for leave to amend should be denied only for reasons such as undue delay, bad faith, futility of the amendment or prejudice to the other party. See Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); Aetna Casualty and Surety Co. v. Aniero Concrete Co., Inc., 404 F.3d 566 (2d Cir. 2005). In addition, where, as here the proposed amendment seeks to join new parties, the requirements of Rule 20 must also be satisfied. R &M Jewelry, LLC v. Michael Anthony Jewelers, Inc., 221 F.R.D. 398, 399 (S.D.N.Y. 2004). The permissive joinder of parties is governed by Rule 20(a). Rule 20(a) allows joinder of additional defendants if plaintiffs: (1) assert against them any right of relief arising out of the same series of transactions or occurrences, and (2) common questions of law or fact exist as to all defendants. Fed. R. Civ. P. 20(a); see also Nassau County Association of Insurance Agents, Inc. v. Aetna Life & Casualty Co., 497 F.2d 1151, 1154 (2d Cir. 1974).

Upon review of the submissions and in the absence of any argument to the contrary, the court finds that both prongs of the permissive joinder standard are easily satisfied. First, plaintiffs assert a right to relief against each of the proposed defendants, Steven and Nancy Auerbach, that are logically related and arise from the same series of transactions or occurrences. (See Proposed Third Amended Complaint at ¶¶ 89-176). Second, common questions of law and fact exist between the present complaint and the proposed amendment. Accordingly, Steven and Nancy Auerbach are appropriate parties for permissive joinder under Rule 20.

Having found that the proposed joinder of parties satisfies Rule 20's requirements, the court next turns its attention to whether leave to amend the complaint is appropriate under Rule 15(a). The defendants argue that the plaintiffs' failure to exhaust the proposed state law discrimination and retaliation claims before the New York State Division of Human Rights

3

precludes adjudication of those claims here. In addition, the defendants assert that the proposed amendment would be futile because the new claims are untimely and do not relate back to the original complaint for statute of limitations purposes. The court first addresses whether the plaintiffs' failure to administratively exhaust the proposed state law claims of discrimination and retaliation against Steven and Nancy Auerbach precludes their adjudication here.[2]

There is no dispute that the plaintiffs have exhausted their state law discrimination and retaliation claims with regard to the current defendants Ridgehaven and Brookwood Management. Relying on an exception to the general rule that a defendant must be named in an administrative complaint, plaintiffs argue that Steven and Nancy Auerbach as principals of Ridgehaven and Brookwood Management share an identity of interest with the named defendants such that the exception applies. This exception, termed the "identity of interest" exception, permits discrimination and retaliation claims to proceed against a party unnamed at the administrative level where there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge. Johnson v. Palma, 931 F.2d 203, 209 (2d Cir. 1991) (citations omitted). To determine whether there is an identity of interest between the named and unnamed parties, the court must consider the following four factors:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the [admininstrative charge]; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and

---

[2] The court notes that the defendants' exhaustion argument is necessary limited the proposed New York State Human Rights Law claims because there is no exhaustion requirement for the Federal Fair Housing Act claims. See 42 U.S.C. § 3613(B)(2), see also Huntington Branch, N.A.A.C.P. v. Town of Huntington, 689 F.2d 391, 394 n. 3 (2d Cir. 1982) (administrative remedies need not be exhausted before the commencement of a Fair Housing Act action in federal court).

>compliance it would be unnecessary to include the unnamed party in
>the [administrative] proceedings; 3) whether its absence from the
>[administrative] proceedings resulted in actual prejudice to the
>interests of the unnamed party; 4) whether the unnamed party has in
>some way represented to the complainant that its relationship with
>the complainant is to be through the named party.

Id. at 209-10. Upon examination of these factors in light of the record here, the court finds that they weigh in plaintiffs' favor. While the first factor tips against the plaintiffs given the relative ease with which a plaintiff can discover the identity of corporate officers, the second and third factors, which have been described as the "two most significant factors" undoubtedly favor the plaintiffs. Manzi v. DiCarlo, 62 F.Supp.2d 780, 787 (E.D.N.Y. 1999). Given the familial relationship and business association of the proposed defendants to the named defendants, together with the fact that they are all represented by the same counsel, their interests are so similar for the purpose of obtaining voluntary conciliation and their absence hardly resulted in actual prejudice to the unnamed parties. In addition, the fourth factor weighs in plaintiffs' favor given the December 2004 Notice of Lease Termination sent to the plaintiff and signed by Nancy Auerbach as "member" of Ridgehaven Village. (See Ex. F, annexed to the Brewington Declaration). Thus, the plaintiffs' failure to exhaust the New York State Human Rights Law claims against Steven and Nancy Auerbach does not preclude their litigation here given the identity of interest between the parties. See Flower v. Mayfair Joint Venture, 2000 WL 272187, at *6 (S.D.N.Y. May 13, 2000); Manzi, 62 F. Supp.2d at 786-788 (E.D.N.Y. 1999). Thus, the state law discrimination and retaliation claims may be asserted against Nancy and Steven Auerbach unless they are untimely. The court next turns to the timeliness argument.[3]

---

[3]The court notes that while the six-year statute of limitations applicable to a breach of contract claim has not yet expired, as conceded by the defendants, the proposed breach of contract claim is futile because there is no allegation that Nancy or Steven Auerbach were parties

To begin with, to the extent that the proposed claims are asserted against Nancy and Steven Auerbach in their representative capacities as officers of Ridgehaven Village and Brookwood Management Company, which were timely served, there is no statute of limitations problem and the defendants do not argue otherwise. Thus the court's analysis is limited to the proposed claims against Nancy and Steven Auerbach in their individual capacities. There is no dispute that these claims would ordinarily be barred by the respective applicable statutes of limitations unless they are found to relate back to the claims asserted in the initial complaint pursuant to Rule 15(c).[4] Under that Rule, an amendment adding a new defendant will relate back to date of the original complaint when

> (1) the claim arises out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, and (2) within 120 days of the original filing date, the party to be brought in by the amendment: (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Martinez v. Robinson, 2001 WL 498407 (S.D.N.Y. May 10, 2001), citing Fed. R. Civ. P. 15(c). The first prong of this test is satisfied given that there is no dispute that the proposed claims arise out of the same transactions or occurrences set forth in the earlier pleading. See supra at 3. Thus

---

to any contract with the plaintiffs. Henneberry v. Sumitomo Corp. of America, No. 04 Civ. 2128 (PKL), 2005 WL 991772, at * 12 (S.D.N.Y. April 27, 2005) (dismissing ordinary breach of contract claim where complaint did not allege that the plaintiff was a party to the contract at issue).

[4]The court notes that the plaintiffs' reply brief at page 3 argues that the statute of limitations has yet to expire for claims against "Mr. Guttman for his individual action" because plaintiff Tysean Ewing's minority tolls the statutory period. The court disregards this argument as it has no relevancy here and apparently was copied from the brief submitted to the undersigned in connection with another case, Ewing v. Roslyn High School, et al., CV 05-1276 (JS).

the court must assess whether the second prong is met. In this regard, the defendants argue only that the plaintiffs were not mistaken about the identities of the parties in the present caption, and that the plaintiffs' recent realization that the two individuals at issue may also be liable on the claims in this case does not permit the assertion of these otherwise untimely claims at this late date.[5] The court agrees.

According to the Second Circuit "an amended complaint adding new defendants [cannot] relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." Tapia-Ortiz v. Doe, 171 F.3d 150, 152 (2d Cir. 1999). District courts in this Circuit have found that such amendments "do not satisfy Rule 15(c)(3)'s requirement that the 'omission of the newly added party be the result of a mistake concerning the identity of the proper party because they seek to correct a lack of knowledge rather than a mistake of fact or law.'" Walters v. NYC Health Hospital Corp., 2006 WL 846711, at *3 (S.D.N.Y. March 31, 2006), quoting Sidney v. Wilson, 228 F.R.D. 517, 520 (S.D.N.Y. 2005), quoting Vineyard v. County of Nassau, 329 F. Supp.2d 364, 369 (E.D.N.Y. 2004). Rule 15(c)(3) "presupposes that the new parties were not named because of a mistake of identity [and if] the reason for not naming a new party is anything other than a mistake of identity then the relation back doctrine is unavailable. Nordco v. Ledes, 1999 WL 1243883 (S.D.N.Y. Dec. 21, 1999) (citations omitted). The Advisory Committee Notes to the 1991 Amendment to Rule 15(c)(3) provide further guidance, explaining that "the sort of mistake intended to be remedied by Rule 15(c)(3) [is that of] a misnomer or misidentification" so as to permit "name-correcting amendments." See Fed. R. Civ. P. 15(c)(3)

---

[5] Given that the defendants do not dispute that the individuals at issue were on notice of the institution of this action, together with the fact that these individuals are the adult children of defendant Harvey Auerbach and who are represented by the same attorney as their father in this matter, the court finds that the notice prong is satisfied.

7

Advisory Committee's Notes to the 1991 Amendment. Accordingly, the case law and the Advisory Committee's Notes "counsel against interpreting ignorance of a party of a party's name as a 'mistake' under Rule 15(c)." Walters, 2006 WL 846711, at *3, quoting Sidney, 228 F.R.D. at 520.

Here, the plaintiffs simply assert that they based the initial claims on what was known to them at the time. Over the course of discovery, plaintiffs discovered the actual relationship between Nancy and Steven Auerbach and the corporate defendants as well as the extent of their participation in the actions that form the basis of the plaintiffs' claims. Although plaintiffs attempt to frame their initial assumption as a cognizable mistake under Rule 15(c), this "mistake" resulted from a lack of knowledge and not confusion. Accordingly, the court finds that the mistake prong of Rule 15(c)(3) has not been met. Hedvat v. L.F. Rothschild, 175 F.R.D. 183, 190-91 (S.D.N.Y. 1997) (denying leave to amend where it was the plaintiff's deliberate decision not to name individuals in the original complaint and not the result of mistake); Giannini v. City of New York, 700 F. Supp. 202, 205 n. 4 (S.D.N.Y. 1988) (denying leave to amend to add new parties where plaintiff knew the identity of the individuals sought to be added when the complaint was filed.).

For the reasons set forth above, it is recommended that the plaintiffs' motion to amend the complaint be granted to the extent that it seeks to withdraw counts four, five and six of their Second Amended Complaint and to add the official capacity claims against Nancy and Steven Auerbach. It is further recommended that the plaintiffs' motion be denied insofar as it seeks to add claims against Nancy and Steven Auerbach in their individual capacities.

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of the

Court with a courtesy copy to the undersigned within 10 days of service.  Failure to file objections within this period waives the right to appeal the District Court's Order.  See 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; <u>Beverly v. Walker</u>, 118 F.3d 900, 902 (2d Cir. 1997); <u>Savoie v. Merchants Bank</u>, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
        May 22, 2007

                                            _____/s/_____
                                            ARLENE R. LINDSAY
                                            United States Magistrate Judge